UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES R. KINKAID JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; and THURSTON COUNTY SHERIFF, <br><br> Defendants. | CASE NO. 19-cv-5867-RJB-JRC <br><br> ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment ("Motion"). Dkt. 17. The Court is familiar with the Motion, all materials filed in support and opposition thereto, and the remaining record herein. For the reasons set forth below, the parties should be granted leave to file additional briefing and the Motion should be renoted.

ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

# I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**1. FACTUAL BACKGROUND**

Plaintiff's Amended Complaint provides that he is seeking a declaratory judgment "ruling that 18 U.S.C. § 922(g)(8) does not apply to Mr. Kinkaid and does not prohibit him from possessing a firearm." Dkt. 11, at 3.

In 1995, Constance Kinkaid, Plaintiff's ex-wife, sought a protection order against him. Dkt. 17-1, at 5–6. Plaintiff appeared for a hearing on December 20, 1995, at the Superior Court of Washington for Thurston County, where the court entered a 1-year protection order against him. Dkt. 17, at 3.

On August 29, 1996, Constance Kinkaid filed a motion to modify the protection order. Dkt. 17-1, at 7. The hearing was scheduled for September 11, 1996. Dkt. 17-1, at 7. Plaintiff was served notice while incarcerated at the Thurston County Jail. Dkt. 17-1, at 8. Plaintiff sent an inmate request form ("kite"), dated August 29, 1996, requesting to be present for the modification hearing. Dkt. 17-1, at 9.

On September 11, 1996, a law enforcement officer appeared at the modification hearing and stated that Plaintiff would not be brought up from the jail due to a staff shortage. Dkt. 17-1, at 12. The Thurston County Superior Court Commissioner entered a permanent protection order against Plaintiff. Dkt. 17-1, at 10. The permanent protection order, in part, apparently restricts Plaintiff from coming near or contacting the Petitioner, Constance Kinkaid, and two (then) minors, Jennifer Gregorius (age 9) and Melissa Gregorius (age 5). Dkt. 17-1, at 10. The permanent protection order was served on Plaintiff in the Thurston County Jail. Dkt. 17-1, at 13. Nothing in the record suggests that Plaintiff appealed the permanent protection order.

In approximately November or December 2018, Plaintiff apparently filed an application with Thurston County Sheriff ("Sheriff") for a concealed pistol license. Dkt. 17, at 2. Plaintiff's application was denied; the Sheriff sent Plaintiff a denial letter, dated December 14, 2018, informing him, in part, that his application was "denied under USC 18, 922 (g)(8) Active Order." Dkt. 17-1, at 14. The denial letter further states, in part, that: "You are not eligible for a Concealed Pistol License, and you may not have a firearm in your possession. If you are in possession of a firearm, you may be subject to additional charges per RCW 9.41.040." Dkt. 17-1, at 14.

    a. <u>18 U.S.C. § 922(g)</u>

18 U.S.C. § 922(g) provides, in part, that:

> It shall be unlawful for any person—
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding on year;
>
> ....
>
> (8) who is subject to a court order that –
>
>     (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
>     (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
>     (C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
>         (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such

ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

>                  intimate partner or child that would reasonably be
>                  expected to cause bodily injury; or
>
> (9) who has been convicted in any court of a misdemeanor crime
>     of domestic violence,
>
> To ship or transport in interstate or foreign commerce, or possess
> in or affecting commerce, any firearm or ammunition; or to receive
> any firearm or ammunition which has been shipped or transported
> in interstate or foreign commerce.

With respect to 18 U.S.C. § 922(g)(9), a misdemeanor crime of domestic violence is defined as:

> (A) Except as provided in subparagraph (C),[2] the term
>     "misdemeanor crime of domestic violence" means an offense
>     that—
>
>>   (i)  is a misdemeanor under Federal, State, or Tribal [3] law;
>>        and
>>
>>   (ii) has, as an element, the use or attempted use of physical
>>        force, or the threatened use of a deadly weapon, committed by
>>        a current or former spouse, parent, or guardian of the victim, by
>>        a person with whom the victim shares a child in common, by a
>>        person who is cohabiting with or has cohabited with the victim
>>        as a spouse, parent, or guardian, or by a person similarly
>>        situated to a spouse, parent, or guardian of the victim.
>
> (B)
>>   (i) A person shall not be considered to have been convicted of
>>       such an offense for purposes of this chapter, unless—
>>
>>>     (I)  the person was represented by counsel in the case, or
>>>          knowingly and intelligently waived the right to counsel in
>>>          the case; and
>>>
>>>     (II) in the case of a prosecution for an offense described in
>>>          this paragraph for which a person was entitled to a jury
>>>          trial in the jurisdiction in which the case was tried, either
>>>
>>>>        (aa) the case was tried by a jury, or

> (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.
>
> (ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(33).

b. RCW 9.41.040

Similarly, RCW 9.41.040 provides, in part, that:

> (1)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any serious offense as defined in this chapter.
>
> (b) Unlawful possession of a firearm in the first degree is a class B felony punishable according to chapter 9A.20 RCW.
>
> (2)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person does not qualify under subsection (1) of this section for the crime of unlawful possession of a firearm in the first degree and the person owns, has in his or her possession, or has in his or her control any firearm:
>
> (i) After having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any felony not specifically listed as prohibiting firearm possession under subsection (1) of this section, or any of the following crimes when committed by one family or household member against another, committed on or after July 1, 1993: Assault in the fourth degree, coercion, stalking, reckless endangerment, criminal trespass in the first degree, or violation of the provisions of a protection order or no-contact order restraining the person or excluding the person

from a residence (RCW 26.50.060, 26.50.070, 26.50.130, or 10.99.040);

(ii) After having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of harassment when committed by one family or household member against another, committed on or after June 7, 2018;

(iii) During any period of time that the person is subject to a court order issued under chapter 7.90, 7.92, 9A.46, 10.14, 10.99, 26.09, *26.10, 26.26A, 26.26B, or 26.50 RCW that:

(A) Was issued after a hearing of which the person received actual notice, and at which the person had an opportunity to participate;

(B) Restrains the person from harassing, stalking, or threatening the person protected under the order or child of the person or protected person, or engaging in other conduct that would place the protected person in reasonable fear of bodily injury to the protected person or child; and

(C)(I) Includes a finding that the person represents a credible threat to the physical safety of the protected person or child and by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against the protected person or child that would reasonably be expected to cause bodily injury; or

(II) Includes an order under RCW 9.41.800 requiring the person to surrender all firearms and prohibiting the person from accessing, obtaining, or possessing firearms;

(iv) After having previously been involuntarily committed for mental health treatment under RCW 71.05.240, 71.05.320, 71.34.740, 71.34.750, chapter 10.77 RCW, or equivalent statutes of another jurisdiction, unless his or her right to possess a firearm has been restored as provided in RCW 9.41.047;

(v) After dismissal of criminal charges based on incompetency to stand trial under RCW 10.77.088 when the court has made a finding indicating that the defendant has a history of one or more violent acts, unless his or her right to possess a firearm has been restored as provided in RCW 9.41.047;

(vi) If the person is under eighteen years of age, except as provided in RCW 9.41.042; and/or

(vii) If the person is free on bond or personal recognizance pending trial, appeal, or sentencing for a serious offense as defined in RCW 9.41.010.

With respect to RCW 9.41.040(1)(a),

(27) "Serious offense" means any of the following felonies or a felony attempt to commit any of the following felonies, as now existing or hereafter amended:

(a) Any crime of violence;

(b) Any felony violation of the uniform controlled substances act, chapter 69.50 RCW, that is classified as a class B felony or that has a maximum term of imprisonment of at least ten years;

(c) Child molestation in the second degree;

(d) Incest when committed against a child under age fourteen;

(e) Indecent liberties;

(f) Leading organized crime;

(g) Promoting prostitution in the first degree;

(h) Rape in the third degree;

(i) Drive-by shooting;

(j) Sexual exploitation;

(k) Vehicular assault, when caused by the operation or driving of a vehicle by a person while under the influence of intoxicating liquor or any drug or by the operation or driving of a vehicle in a reckless manner;

(l) Vehicular homicide, when proximately caused by the driving of any vehicle by any person while under the influence of intoxicating liquor or any drug as defined by RCW 46.61.502, or by the operation of any vehicle in a reckless manner;

(m) Any other class B felony offense with a finding of sexual motivation, as "sexual motivation" is defined under RCW 9.94A.030;

(n) Any other felony with a deadly weapon verdict under RCW 9.94A.825;

(o) Any felony offense in effect at any time prior to June 6, 1996, that is comparable to a serious offense, or any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a serious offense; or

(p) Any felony conviction under RCW 9.41.115.

RCW 9.41.010(27).

## 2. PROCEDURAL HISTORY

Plaintiff filed the instant Motion for Summary Judgment. Dkt. 17. The Motion contends that 18 U.S.C. § 922(g) does not apply to Plaintiff and does not limit his ability to possess a firearm or ammunition because the permanent protection order against him "was not issued after a hearing 'at which [Mr. Kindkaid] had an opportunity participate.'" Dkt. 17, at 5 (quoting 18 U.S.C. § 922(g)(8)(A)).

The Sheriff filed a response brief. Dkt. 18. The Sheriff argues that 18 U.S.C. § 922(g)(8) "is not the only reason under law that Plaintiff is prohibited from possessing a firearm." Dkt. 18, at 2 (emphasis in original). The Sheriff contends that, "[r]egardless of whether this Court lifts the federal prohibition, Charles Kinkaid will still be prohibited from possessing a firearm under Washington law, specifically RCW 9.41.040(2)(a)(iii), as a valid Order of Protection remains in place that has never been challenged or appealed." Dkt. 18, at 3. The Sheriff further argues that "Plaintiff cites no basis for a Federal Court to assert jurisdiction over a currently valid state order in what amounts to a collateral attack." Dkt. 18, at 3.

The United States filed a response brief but states only that "[t]he United States does not oppose the motion and expresses no opinion on its merits." Dkt. 19.

Plaintiff filed a reply brief in support of the Motion. Dkt. 20. Plaintiff argues, in part, that "[t]his case is not a collateral attack because Mr. Kinkaid does not challenge the validity of the order, only the terms of the 18 USC 922(g)(8) as applied to his unique set of facts." Dkt. 20, at 2. Plaintiff's reply further provides that the operative Amended Complaint (Dkt. 11) "asks the Court for a declaratory judgment only as it pertains to that federal statute. However since the Sheriff has placed state law at issue in the response brief, this Court now has supplemental jurisdiction as to both 18 USC 922(g)(8) and Wash. Rev. Code § 9.41.040(2)(a)(iii)." Dkt. 20, at 2.

Plaintiff argues that the federal law and state law are identical and that the Court has supplemental jurisdiction because "the state claim 'is so related to the claim[] in the action within such original jurisdiction that they form part of the same case or controversy.'" Dkt. 20, at 2–3. Plaintiff adds that, "[i]f the court finds a lack of jurisdiction to consider state law due only to an inadequate complaint, Mr. Kinkaid requests the opportunity to file an amended complaint under FRCP 15 before the Court issues a final judgment." Dkt. 20, at 3 n.1.

Below, the Court first discusses Plaintiff's unclear request to amend the complaint. Second, the Court requests additional information.

## II. DISCUSSION

### 1. PLAINTIFF'S UNCLEAR REQUEST TO AMEND COMPLAINT

The operative Amended Complaint does not seek declaratory relief as to whether RCW 9.41.040(2)(a)(iii) prohibits Plaintiff him from possessing a firearm. *See* Dkt. 11, at 3 (requesting declaratory relief only as to 18 U.S.C. § 922(g)(8)). Plaintiff wrote in his reply brief, "if the Court finds a lack of jurisdiction to consider state law due only to an inadequate complaint, Mr. Kinkaid requests the opportunity to file an amended complaint under FRCP 15 before the Court

issues a final judgment." Dkt. 20, at 3. At this time, the court need not, and should not, discuss jurisdiction over a claim not at all included in the operative Amended Complaint. Moreover, Plaintiff's conditional request to further amend the operative Amended Complaint is unclear and confusing.

If Plaintiff wishes to further amend the operative Amended Complaint, he may request to do so by filing a motion and thereby afford the parties an opportunity to respond and reply consistent with Local Rules W.D. Wash. LCR 7.

**2. ADDITIONAL INFORMATION REQUESTED BY THE COURT**

The Court should make two requests for additional information before deciding the Motion.

    a.  <u>Plaintiff's Conviction History</u>

The record suggests that Plaintiff may have convictions limiting him from lawfully possessing a firearm under U.S.C. § 922(g) and RCW 9.41.040. *See, e.g.,* Dkts. 17, at 1 (providing that "Mr. Kinkaid's ex-wife, Constance Kinkaid, applied for an ex parte domestic violence protection order against Mr. Kinkaid"); and 17-1, at 9 (indicating that Plaintiff was an inmate in Thurston County Corrections Facility).

If Plaintiff has convictions or other conditions rendering him unable to lawfully possess a firearm under U.S.C. § 922(g) and RCW 9.41.040, it is unclear that this case presents a justiciable case or controversy that could be redressed by a favorable ruling. *See, e.g., Horne v. Flores,* 557 U.S. 433, 445 (2009) (a plaintiff must present an injury that is (1) concrete, particularized, and actual or imminent; (2) fairly traceable to the defendant's challenged action; and (3) redressable by a favorable ruling).

Therefore, the parties should be granted leave to file additional briefing and/or affidavits as to Plaintiff's conviction history and any other conditions that may limit Plaintiff from lawfully possessing a firearm, due no later than April 24, 2020.

b. Public Safety Notice

The Court is unaware whether Constance Kinkaid, Plaintiff's ex-wife, and the two minors affected by the permanent protection order, Jennifer Gregorius and Melissa Gregorius, have been served or otherwise given notice of this case; and it is unclear whether such notice is required. This case and Plaintiff's application for a Concealed Pistol License may be a matter of public safety affecting Constance Kinkaid, Jennifer Gregorius, and Melissa Gregorius.

Therefore, the parties should be granted leave to file additional briefing and/or affidavits as to whether Constance Kinkaid, Jennifer Gregorius, and Melissa Gregorius have been served or otherwise given notice of this case and Plaintiff's application for a Concealed Pistol License, and whether such notice is required, due no later than April 24, 2020.

**3. RENOTING THE MOTION FOR SUMMARY JUDGMENT**

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

Because of the Court's request for additional information, the Motion should be renoted for consideration on April 24, 2020.

### III. ORDER

THEREFORE, it is HEREBY ORDERED that:

- Plaintiff's Motion for Summary Judgment (Dkt. 17) is **RENOTED** for consideration on **April 24, 2020;** and

- The Parties are granted leave to file additional briefing and/or affidavits, due no later than **April 24, 2020,** as to (1) Plaintiff's conviction history and any other conditions that may limit Plaintiff from lawfully possessing a firearm under U.S.C. § 922(g) and RCW 9.41.040 and (2) whether Constance Kinkaid, Jennifer Gregorius, and Melissa Gregorius have been served or otherwise given notice of this case and Plaintiff's application for a Concealed Pistol License, and whether such notice is required.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of April, 2020.

ROBERT J. BRYAN
United States District Judge