1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES R. KINKAID JR.,

                              Plaintiff,

        v.

UNITED STATES OF AMERICA; and
THURSTON COUNTY SHERIFF,

                              Defendants.

CASE NO. 19-cv-5867-RJB-JRC

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT UNITED STATES'
CROSS-MOTION TO DISMISS

    THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment
(Dkt. 17) and Defendant United States of America's ("United States") cross-motion to dismiss
(Dkt. 22). The Court is familiar with the motions, all materials filed in support and opposition
thereto, and the remaining record herein. For the reasons set forth below, Plaintiff's Motion for
Summary Judgment should be denied and Defendant United States' cross-motion to dismiss
should be granted.

1

## I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

2

### 1.  **FACTUAL BACKGROUND**

3

Plaintiff's Amended Complaint provides that he is seeking a declaratory judgment

4

"ruling that 18 U.S.C. § 922(g)(8) does not apply to Mr. Kinkaid and does not prohibit him from

5

possessing a firearm." Dkt. 11, at 3.

6

In 1995, Constance Kinkaid, Plaintiff's ex-wife, sought a protection order against him.

7

Dkt. 17-1, at 5–6. Plaintiff appeared for a hearing on December 20, 1995, at the Superior Court

8

of Washington for Thurston County, where the court entered a one-year protection order against

9

him. Dkt. 17, at 3.

10

On August 29, 1996, Constance Kinkaid filed a motion to modify the protection order.

11

Dkt. 17-1, at 7. The hearing was scheduled for September 11, 1996. Dkt. 17-1, at 7. Plaintiff was

12

served notice while incarcerated at the Thurston County Jail. Dkt. 17-1, at 8. Plaintiff sent an

13

inmate request form, dated August 29, 1996, requesting to be present for the modification

14

hearing. Dkt. 17-1, at 9.

15

On September 11, 1996, a law enforcement officer appeared at the protection order

16

modification hearing and stated that Plaintiff would not be brought up from the jail due to a staff

17

shortage. Dkt. 17-1, at 12. The Thurston County Superior Court Commissioner proceeded and

18

entered a permanent protection order against Plaintiff. Dkt. 17-1, at 10. The permanent

19

protection order, in part, restricts Plaintiff from coming near or contacting the Petitioner,

20

Constance Kinkaid, and two (then) minors, Jennifer Gregorius (age 9) and Melissa Gregorius

21

(age 5). Dkt. 17-1, at 10.

22

The permanent protection order was served on Plaintiff in the Thurston County Jail. Dkt.

23

17-1, at 13. On October 16, 1996, upon the request of Plaintiff, the Thurston County Superior

24

Court entered an order modifying the permanent protection order. Dkt. 18-1 (ordering that the permanent protection order is "continued in effect but modified as follows: the one mile restriction around the Olympia Top Foods Store is vacated"). It is uncontroverted that Plaintiff did not otherwise challenge or appeal the permanent protection order. *See, e.g.,* Dkt. 18, at 3.

During approximately November or December 2018, Plaintiff apparently filed an application with Thurston County Sheriff ("Sheriff") for a concealed pistol license. Dkt. 17, at 2. Plaintiff's application was denied; the Sheriff sent Plaintiff a denial letter, dated December 14, 2018, informing him, in part, that his application was "denied under USC 18, 922 (g)(8) Active Order." Dkt. 17-1, at 14. The denial letter further states, in part, that: "You are not eligible for a Concealed Pistol License, and you may not have a firearm in your possession. If you are in possession of a firearm, you may be subject to additional charges per RCW 9.41.040." Dkt. 17-1, at 14.

    a.  <u>18 U.S.C. § 922(g)</u>

18 U.S.C. § 922(g) provides, in part, that:

> It shall be unlawful for any person—
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding on year;
>
>     ....
>
> (8) who is subject to a court order that –
>
> > (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
> >
> > (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in

reasonable fear of bodily injury to the partner or child; and

(C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

(9) who has been convicted in any court of a misdemeanor crime of domestic violence,

To ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

With respect to 18 U.S.C. § 922(g)(9), a misdemeanor crime of domestic violence is defined as:

(A) Except as provided in subparagraph (C),[2] the term "misdemeanor crime of domestic violence" means an offense that—

(i) is a misdemeanor under Federal, State, or Tribal [3] law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

(B) (i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless—

(I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT UNITED STATES' CROSS-MOTION TO DISMISS - 4

1

2
(II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either

3

4
(aa) the case was tried by a jury, or

5
(bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

6

7

8

9

10
(ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

11
18 U.S.C. § 921(a)(33).

12
    b. <u>RCW 9.41.040</u>

13
Similarly, RCW 9.41.040 provides, in part, that:

14

15

16
(1)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any serious offense as defined in this chapter.

17

18
(b) Unlawful possession of a firearm in the first degree is a class B felony punishable according to chapter 9A.20 RCW.

19

20

21
(2)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person does not qualify under subsection (1) of this section for the crime of unlawful possession of a firearm in the first degree and the person owns, has in his or her possession, or has in his or her control any firearm:

22

23

24
(i) After having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any felony not specifically listed as prohibiting firearm possession under

subsection (1) of this section, or any of the following crimes when committed by one family or household member against another, committed on or after July 1, 1993: Assault in the fourth degree, coercion, stalking, reckless endangerment, criminal trespass in the first degree, or violation of the provisions of a protection order or no-contact order restraining the person or excluding the person from a residence (RCW 26.50.060, 26.50.070, 26.50.130, or 10.99.040);

(ii) After having previously been convicted or found not guilty by reason of insanity in this state or elsewhere of harassment when committed by one family or household member against another, committed on or after June 7, 2018;

(iii) During any period of time that the person is subject to a court order issued under chapter 7.90, 7.92, 9A.46, 10.14, 10.99, 26.09, *26.10, 26.26A, 26.26B, or 26.50 RCW that:

(A) Was issued after a hearing of which the person received actual notice, and at which the person had an opportunity to participate;

(B) Restrains the person from harassing, stalking, or threatening the person protected under the order or child of the person or protected person, or engaging in other conduct that would place the protected person in reasonable fear of bodily injury to the protected person or child; and

(C)(I) Includes a finding that the person represents a credible threat to the physical safety of the protected person or child and by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against the protected person or child that would reasonably be expected to cause bodily injury; or

(II) Includes an order under RCW 9.41.800 requiring the person to surrender all firearms and prohibiting the person from accessing, obtaining, or possessing firearms;

(iv) After having previously been involuntarily committed for mental health treatment under RCW 71.05.240, 71.05.320, 71.34.740, 71.34.750, chapter 10.77 RCW, or equivalent statutes of another jurisdiction, unless his or her right to possess a firearm has been restored as provided in RCW 9.41.047;

(v) After dismissal of criminal charges based on incompetency to stand trial under RCW 10.77.088 when the court has made a finding indicating that the defendant has a history of one or more

violent acts, unless his or her right to possess a firearm has been restored as provided in RCW 9.41.047;

(vi) If the person is under eighteen years of age, except as provided in RCW 9.41.042; and/or

(vii) If the person is free on bond or personal recognizance pending trial, appeal, or sentencing for a serious offense as defined in RCW 9.41.010.

RCW 9.41.040.

## 2. PROCEDURAL HISTORY

### a. Initial Pleadings

Plaintiff filed the instant Motion for Summary Judgment. Dkt. 17. The Motion contends that 18 U.S.C. § 922(g) does not apply to Plaintiff and does not limit his ability to possess a firearm or ammunition because the permanent protection order against him was not issued after a hearing at which Plaintiff had an opportunity to participate. Dkt. 17, at 5.

The Sheriff filed a response brief. Dkt. 18. The Sheriff argues that 18 U.S.C. § 922(g)(8) "is not the only reason under law that Plaintiff is prohibited from possessing a firearm." Dkt. 18, at 2 (emphasis in original). The Sheriff contends that, "[r]egardless of whether this Court lifts the federal prohibition, Charles Kinkaid will still be prohibited from possessing a firearm under Washington law, specifically RCW 9.41.040(2)(a)(iii), as a valid Order of Protection remains in place that has never been challenged or appealed." Dkt. 18, at 3. The Sheriff further argues that "Plaintiff cites no basis for a Federal Court to assert jurisdiction over a currently valid state order in what amounts to a collateral attack." Dkt. 18, at 3.

The United States filed a response brief but states only that "[t]he United States does not oppose the motion and expresses no opinion on its merits." Dkt. 19.

1    Plaintiff filed a reply brief in support of the Motion. Dkt. 20. Plaintiff argues, in part, that

2 "[t]his case is not a collateral attack because Mr. Kinkaid does not challenge the validity of the

3 order, only the terms of the 18 USC 922(g)(8) as applied to his unique set of facts." Dkt. 20, at 2.

4 Plaintiff's reply further provides that the operative Amended Complaint (Dkt. 11) "asks the

5 Court for a declaratory judgment only as it pertains to that federal statute. However since the

6 Sheriff has placed state law at issue in the response brief, this Court now has supplemental

7 jurisdiction as to both 18 USC 922(g)(8) and Wash. Rev. Code § 9.41.040(2)(a)(iii)." Dkt. 20, at

8 2.

9    Plaintiff argues that the federal law and state law are identical and that the Court has

10 supplemental jurisdiction because "the state claim 'is so related to the claim[] in the action

11 within such original jurisdiction that they form part of the same case or controversy.'" Dkt. 20, at

12 2–3. Plaintiff adds that, "[i]f the court finds a lack of jurisdiction to consider state law due only

13 to an inadequate complaint, Mr. Kinkaid requests the opportunity to file an amended complaint

14 under FRCP 15 before the Court issues a final judgment." Dkt. 20, at 3 n.1.

15    b. First Order re Plaintiff's Motion for Summary Judgment

16    The Court's Order re Plaintiff's Motion for Summary Judgment ("First Order") stated

17 that it was "unclear that this case presents a justiciable case or controversy that could be

18 redressed by a favorable ruling." Dkt. 21, at 10 (citing *Horne v. Flores,* 557 U.S. 433, 445 (2009)

19 (a plaintiff must present an injury that is (1) concrete, particularized, and actual or imminent; (2)

20 fairly traceable to the defendant's challenged action; and (3) redressable by a favorable ruling)).

21 The Order granted the parties

22          leave to file additional briefing and/or affidavits … as to (1)
            Plaintiff's conviction history and any other conditions that may
23          limit Plaintiff from lawfully possessing a firearm under U.S.C. §
            922(g) and RCW 9.41.040 and (2) whether Constance Kinkaid,
24

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT
UNITED STATES' CROSS-MOTION TO DISMISS - 8

1

> Jennifer Gregorius, and Melissa Gregorius have been served or
> otherwise given notice of this case and Plaintiff's application for a
> Concealed Pistol License, and whether such notice is required.

2

3
Dkt. 21, at 12.

4
   The First Order ruled that Plaintiff's conditional request to amend the operative Amended

5
Complaint is unclear and that, if Plaintiff wishes to further amend the operative complaint, he

6
may request to do so by motion. Dkt. 21, at 10. Plaintiff has not filed a motion to amend the

7
operative Amended Complaint. *See* Dkt.

8
   c. <u>Supplemental Pleadings</u>

9
   The parties each filed a supplemental response. Dkts. 22; 24; and 25. First, Defendant

10
United States filed a supplemental response and the instant cross-motion to dismiss. Dkt. 22. The

11
United States argues that Plaintiff lacks standing to pursue his claim against the United States

12
and that his claim against the United States should be dismissed. Dkt. 22. Plaintiff did not file a

13
response in opposition to Defendant United States' cross-motion to dismiss; the United States

14
did not file a reply. *See* Dkt.

15
   As to the information requested by the Court, the United States provided that it "is not in

16
a position, at this time, to opine regarding whether the plaintiff is prohibited from possessing or

17
receiving a firearm under federal or state law" and that "the United States is unaware whether the

18
listed people have been notified of this case .... The United States defers to Thurston County

19
regarding whether such notice is required." Dkt. 22, at 2.

20
   Second, Defendant Thurston County Sherriff filed a supplemental response in the form of

21
a declaration of Donald R. Peters, Jr., a Thurston County Senior Deputy Prosecuting Attorney

22
and attorney for the Thurston County Sherriff. Dkt. 24. The response provides that "current

23
isolation orders of the Washington State Governor have made it more challenging for our office

24

to obtain the requested information as we are currently required to work form [*sic*] home." Dkt. 24, at 2. The response provides screenshots of Plaintiff's apparent criminal history. Dkt. 24. The response notes that

> it appears that in 1996, Plaintiff Charles Ray Kinkaid, Jr. was found guilty of the crimes of a No Contact Order Violation, a Protection Order Violation, and Assault in the 4th Degree with Domestic Violence. There are numerous other charges contained in the record, but it is unclear if these were dismissed after a finding of guilt or otherwise dismissed.

Dkt. 24, at 2.

The response further provides that, "as far as I know, the parties that are currently being protected by the Domestic Violence Protection Order have not been notified of these proceedings." Dkt. 24, at 2.

Third, Plaintiff filed a supplemental response. Dkt. 25. The response provides that Mr. Kinkaid has a criminal history, but "[h]e has received a restoration of firearm rights from the Thurston County Superior Court under Wash. Rev. Code § 9.41.040(4) on the basis of that criminal history." Dkt. 25, at 1. However, Plaintiff did not provide a copy of the restoration of firearm rights. *See* Dkt. 25. Plaintiff's supplemental response asserts that "Washington state law does not require notice to any party when an individual applies for a [concealed pistol license]. The protected parties have not been provided notice, and notice to them is wholly inappropriate and unnecessary." Dkt. 25, at 2.

     d.  <u>Second Order re Plaintiff's Motion for Summary Judgment</u>

In the Second Order re Plaintiff's Motion for Summary Judgment ("Second Order"), the Court renoted Plaintiff's Motion for Summary Judgment for the same noting date as Defendant United States' cross-motion to dismiss. Dkt. 26. Additionally, the Court requested a copy of the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT UNITED STATES' CROSS-MOTION TO DISMISS - 10

1  restoration of firearm rights from the Thurston County Superior Court, which Plaintiff had

2  referenced in his supplemental response. Dkt. 26.

3    e.  Second Supplemental Response

4    Plaintiff filed a second supplemental response in the form of a declaration from

5  Plaintiff's counsel. Dkt. 27. The response provides a copy of the order restoring firearm rights

6  issued to Plaintiff by the Thurston County Superior Court, and the response reitereates that no

7  notice to protected parties is required when someone applies for a concealed pistol license. Dkt.

8  27.

9    The order restoring firearm rights provides that Plaintiff's "Washington state firearm

10  rights [are] restored under RCW 9.41.040(4)." Dkt. 27. The order restoring firearm rights lists

11  four offenses prohibiting Plaintiff from possessing firearms under RCW 9.41.04 and concludes

12  that Plaintiff "qualifies under RCW 9.41.040(4) for restoration of his or her Washington state

13  firearm rights for the offenses listed[.]" Dkt. 27, at 3–4. The order restoring firearm rights does

14  not discuss any federal law or the permanent protection order against Plaintiff. *See* Dkt. 27.

15  **3.  ORGANIZATION OF THE OPINION**

16    Below, the Court first discusses Defendant United States' cross-motion to dismiss; then

17  Plaintiff's motion for summary judgment; and, finally, the Court discusses its conclusions.

18    **II.   DISCUSSION**

19  **1.  MOTION TO DISMISS STANDARD**

20    A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual

21  allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

22  Constitution, laws, or treaties of the United States, or does not fall within one of the other

23  enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

24

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT
UNITED STATES' CROSS-MOTION TO DISMISS - 11

1  controversy within the meaning of the Constitution; or (3) is not one described by any

2  jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

3  *Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

4  question jurisdiction) and 1346 (United States as a defendant). When considering a motion to

5  dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may

6  review any evidence to resolve factual disputes concerning the existence of jurisdiction.

7  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052

8  (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court

9  is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v.*

10  *Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated*

11  *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the

12  existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co.,*

13  *Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

14  ## 2.  DEFENDANT UNITED STATES' CROSS-MOTION TO DISMISS

15  There are three required elements to standing: (1) "an injury in fact—an invasion of a

16  legally protected interest which is (a) concrete and particularized and (b) actual or imminent not

17  conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct

18  complained of"; and (3) "it must be likely as opposed to merely speculative that the injury will

19  be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

20  (1992) (internal quotations and citations omitted). Plaintiff bears the burden of establishing each

21  element of standing, and because "they are not mere pleading requirements but rather an

22  indispensable part of the plaintiff's case, each element must be supported in the same way as any

23  other matter on which the plaintiff bears the burden of proof." Id. at 561. "An asserted right to

24

1   have the Government act in accordance with law is not sufficient, standing alone, to confer

2   jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754 (1984). "Abstract injury is not

3   enough" to sustain federal jurisdiction. *Schlesinger v. Reservists Committee to Stop the War,* 418

4   U.S. 208, 219 (1974) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)) (internal quotation

5   marks omitted).

6        Defendant United States contests the second and third elements of standing. As to the

7   second element, Defendant United States contends that "[t]here is no causal connection between

8   the alleged injury to plaintiff (he was denied a concealed pistol license by Thurston County) and

9   any conduct by the United States …. [P]laintiff's Amended Complaint does not allege any

10  wrongful conduct by the United States, its agencies, or its employees." Dkt. 22, at 4.

11       As to the third element, Defendant United States contends that "plaintiff's alleged injury

12  (the denial of the license) cannot be remedied by the United States, and plaintiff does not allege

13  otherwise." Dkt. 22, at 4. Defendant United States argues that "Plaintiff seems to be concerned

14  that he might be injured in the future *if* he seeks to purchase a firearm and *if* NICS [(National

15  Instant Criminal Background Check System)] responds with a denial. However, that hypothetical

16  is far too speculative to meet the third element." Dkt. 22, at 5 (emphasis in original). Defendant

17  United States adds that, under 28 C.F.R. § 20.37, "[i]f any information in the NCIC [(National

18  Crime Information Center")] database is found to be inaccurate, the entering/owning agency,

19  Thurston County, is obligated by regulation to correct that information." Dkt. 22, at 4 n.2.

20       The Court agrees that Plaintiff lacks standing against Defendant United States. Plaintiff

21  has not shown the second and third elements of standing as to Defendant United States.

22  Moreover, Plaintiff filed no response in opposition to Defendant United States' cross-motion to

23  dismiss, which the Court construes as an admission by Plaintiff that the cross-motion has merit.

24

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT
UNITED STATES' CROSS-MOTION TO DISMISS - 13

1    Under Local Rules W.D. Wash. LCR 7(b)(2), "Except for motion for summary judgment, if a

2    party fails to file papers in opposition to a motion, such a failure may be considered by the court

3    as an admission that the motion has merit."

4         Therefore, Defendant United States' cross-motion to dismiss should be granted, and

5    Defendant United States should be dismissed from this case.

6    **3.  SUMMARY JUDGMENT STANDARDS**

7         Summary judgment is proper only if the pleadings, the discovery and disclosure materials

8    on file, and any affidavits show that there is no genuine issue as to any material fact and that the

9    movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is

10   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

11   showing on an essential element of a claim in the case on which the nonmoving party has the

12   burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

13   fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for

14   the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

15   (1986) (nonmoving party must present specific, significant probative evidence, not simply "some

16   metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a

17   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

18   requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

19   *Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

20   *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

21        The determination of the existence of a material fact is often a close question. The court

22   must consider the substantive evidentiary burden that the nonmoving party must meet at trial—

23   e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect.*

24

*Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

### 4.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Federal law prohibits the possession of a firearm, which has been shipped or transported in interstate or foreign commerce, by anyone who is subject to a court order that:

> **(A)**  was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> **(B)**  restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> **(C)(i)**  includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> **(ii)**  by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury[.]

18 U.S.C. 922(g)(8).

Plaintiff concedes elements (B) and (C), but contests (A). Dkt. 17, at 4. As to element (A), Plaintiff concedes that he received actual notice of the hearing but argues that he did not have an opportunity to participate in it. Dkt. 17, at 4. Thus, the only remaining issue is to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT UNITED STATES' CROSS-MOTION TO DISMISS - 15

1    determine whether the permanent protection order against Plaintiff was issued after a hearing at

2    which Plaintiff had an opportunity to participate.

3        The opportunity to participate requirement in 18 U.S.C. 922(g)(8) is a "minimal one,"

4    requiring only "a proceeding during which the defendant *could* have objected to the entry of the

5    order or otherwise engaged with the court as to the merits of the restraining order." *United States*

6    *v. Young*, 458 F.3d 998, 1009 (9th Cir. 2006) (emphasis in original).

7        Although Plaintiff may not have been able to object to the entry of the order at the

8    September 11, 1996 hearing,[1] it appears that he could have otherwise engaged with the court as

9    to the merits of the permanent protection order. Indeed, Plaintiff had requested a modification of

10   the permanent protection order to vacate a one-mile restriction around the Olympia Top Food

11   store, which was granted on October 16, 1996. It is uncontroverted that Plaintiff never

12   challenged or appealed the permanent protection order. *See, e.g.,* Dkt. 18, at 3.

13       It appears that Plaintiff could have filed a motion for reconsideration or motion for

14   amendment of judgment,[2] requested another modification of the protection order, or pursued an

15   appeal—but he did not. Physical presence at a proceeding is but one way an individual may have

16   the opportunity to object or otherwise engage with the court as to the merits of a protection order.

17   Following the September 11, 1996 hearing, Plaintiff failed to engage with the court as to the

18   merits of the protection order, despite opportunities to do so, and his inaction should not inure to

19   his advantage more than two decades later.

20

21

22   ---
     [1] Although unclear, it does not appear that Plaintiff was represented by counsel at the September 11, 1996 hearing. For purposes of this order only, the Court assumes he was not represented by counsel at that hearing.

23   [2] Based on the Court's independent research, Thurston County Superior Court local rules have apparently provided for motions for reconsideration and amendment of judgment since at least September 1, 1994. *See* Thurston Cty.

24   Super. Ct. LCR 59.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT UNITED STATES' CROSS-MOTION TO DISMISS - 16

Based on the foregoing, 18 U.S.C. § 922(g)(8) applies to Plaintiff and prohibits him from possessing a firearm or ammunition that has been shipped or transported in interstate or foreign commerce. Therefore, Plaintiff's Motion for Summary Judgment should be denied.

**5.  CONCLUSION**

Plaintiff has not shown standing as to Defendant United States. Defendant United States' cross-motion to dismiss (Dkt. 22) should be granted, and the United States should be dismissed from this case.

Plaintiff's Motion for Summary Judgment (Dkt. 17) should be denied. As discussed above, 18 U.S.C. § 922(g)(8) applies to Plaintiff and prohibits him from possessing a firearm or ammunition that has been shipped or transported in interstate or foreign commerce.

**III.   ORDER**

**THEREFORE**, it is **HEREBY ORDERED** that:

- Defendant United States of America's cross-motion to dismiss (Dkt. 22) is **GRANTED,** and Defendant United States of America is **DISMISSED** from this case; and

- Plaintiff's Motion for Summary Judgment (Dkt. 17) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of May, 2020.

ROBERT J. BRYAN
United States District Judge