UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES R. KINKAID JR.,

Plaintiff,

v.

UNITED STATES OF AMERICA; and THURSTON COUNTY SHERIFF,

Defendants.

CASE NO. 19-cv-5867-RJB-JRC

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. 30. The Court is familiar with the motion and all materials filed in support thereto and the remaining record herein. For the reasons set forth below, Plaintiff's Motion for Reconsideration should be denied.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

### 1. ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT UNITED STATES' CROSS-MOTION TO DISMISS ("ORDER")

On May 28, 2020, the Court denied Plaintiff's Motion for Summary Judgment (Dkt. 17). Dkt. 28. Plaintiff is the subject of a permanent protection order. Dkt. 17-1, at 10. The Court held that 18 U.S.C. § 922(g)(8) applies to Plaintiff and prohibits him from possessing a firearm or ammunition that has been shipped or transported in interstate or foreign commerce. Dkt. 28, at 17.

U.S.C. 922(g)(8) prohibits the possession of a firearm, which has been shipped or transported in interstate or foreign commerce, by anyone who is subject to a court order that:

> **(A)** was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> **(B)** restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> **(C)(i)** includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> **(ii)** by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury[.]

18 U.S.C. 922(g)(8).

As to Plaintiff's Motion for Summary Judgment, the sole issue before the Court was whether the permanent protection order against Plaintiff was issued after a hearing at which Plaintiff had an opportunity to participate. Dkt. 28, at 15–16. The Order correctly observed that the opportunity to participate requirement in 18 U.S.C. 922(g)(8) is a "minimal one," requiring

only "a proceeding during which the defendant *could* have objected to the entry of the order or otherwise engaged with the court as to the merits of the restraining order." Dkt. 28, at 16 (quoting *United States v. Young*, 458 F.3d 998, 1009 (9th Cir. 2006) (emphasis in original)).

The Order held that, although Plaintiff was unable to be physically present at the September 11, 1996 hearing where the permanent protection order was entered against him, he could have otherwise engaged with the court as to the merits of the permanent protection order. Dkt. 28, at 16. The Court explained that:

> Plaintiff had requested a modification of the permanent protection order to vacate a one-mile restriction around the Olympia Top Food store, which was granted on October 16, 1996. It is uncontroverted that Plaintiff never challenged or appealed the permanent protection order. *See, e.g.,* Dkt. 18, at 3.
>
> It appears that Plaintiff could have filed a motion for reconsideration or motion for amendment of judgment, requested another modification of the protection order, or pursued an appeal—but he did not. Physical presence at a proceeding is but one way an individual may have the opportunity to object or otherwise engage with the court as to the merits of a protection order. Following the September 11, 1996 hearing, Plaintiff failed to engage with the court as to the merits of the protection order, despite opportunities to do so, and his inaction should not inure to his advantage more than two decades later.

Dkt. 28, at 16 (footnotes omitted).

**2. MOTION FOR RECONSIDERATION**

On June 11, 2020, Plaintiff filed the instant Motion for Reconsideration. Dkt. 30. Plaintiff's Motion for Reconsideration contends that Plaintiff's attempts to engage with the Thurston County Superior Court as to entry of the permanent protection order had not been put at

issue,[1] so "documents [demonstrating Plaintiff's attempts to engage with the court after entry of the permanent protection order] were not previously submitted because there was no need to submit them." Dkt. 30, at 1–2.

Plaintiff's Motion for Reconsideration provides that "Mr. Kinkaid attempted to terminate the protection order on a couple of occasions shortly after it was issued without his participation, and was denied every time." Dkt. 30, at 2. In a declaration filed in support of the Motion to Reconsider, Plaintiff's counsel provides various records from between September 11, 1996, and April 29, 1997. Dkt. 31. The declaration provides, in part, the following records for the first time:

- A Thurston County Corrections Facility Inmate Request Form ("Kite"), dated September 21, 1996, requesting an in-person hearing as to the entry of the permanent protection order (Dkt. 31, at 17);
- A response from the Thurston County Clerk's Office, dated October 1, 1996 (Dkt. 31, at 16);
- A Motion to Modify Order for Protection and Notice of Hearing, dated October 3, 1996, with notice of a hearing scheduled for October 16, 1996 (Dkt. 31, at 13);
- Kites requesting that Plaintiff be physically present at the October 16, 1996 hearing (Dkt. 31, at 11–12); and
- An October 16, 1996 Thurston County Superior Court calendar report[2] showing that Plaintiff was physically present at the hearing and had the opportunity to testify under oath and that the court entered an order modifying the protection order (Dkt. 31, at 10).

Plaintiff's Motion for Reconsideration makes three primary arguments. Dkt. 30. First, that that Court violated principles of statutory construction by reading extra language into 18 U.S.C. 922(g)(8)(A). Dkt. 30, at 2–3. Second, that the Court violated principles of statutory

---

[1] Defendant Thurston County Sherriff's response brief filed in opposition to Plaintiff's Motion for Summary Judgment stated that the "Order of Protection remains in place [and] has never been challenged or appealed." Dkt. 18, at 3.

[2] The calendar report indicates that there is tape footage of the hearing. Dkt. 31, at 10. No footage was provided to the Court.

construction because it vitiates U.S.C. 922(g)(8)(A) entirely. Dkt. 30, at 3–4. Third, that the Court did not account for the burden shift between a motion for a permanent protection order and a motion to terminate a permanent protection order. Dkt. 30, at 4–5.

## II. DISCUSSION

Local Rules W.D. Wash. LCR (7)(h)(1) provides that "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

None of Plaintiff's three arguments show a manifest error in the Order or show new facts or legal authority which could not have been brought earlier with reasonable diligence. As to Plaintiff's first and second arguments, the Court did not read extra language into nor vitiate 18 U.S.C. 922(g)(8)(A). The Court did not rule that Plaintiff had to file a motion for reconsideration, a motion for amendment of judgment, a motion for modification of the protection order, pursue an appeal, or as Plaintiff suggests, file a motion to terminate or revise the protection order. Rather, the Court provided a non-exhaustive list of ways in which Plaintiff could have engaged with the Thurston County Superior Court as to the merits of the permanent protection order. *See* Dkt. 28, at 16. Plaintiff's belated showing that he moved to modify and terminate the permanent protection order shows only that Plaintiff was afforded the opportunity to engage with the court.

As to Plaintiff's third argument, the Order did not need to account for a burden shift between a motion for a permanent protection order and a motion to terminate a permanent protection order. Plaintiff has not shown that he was unable to engage with the Court as to issuance of the permanent protection order and has thus failed in his burden of proof.

**THEREFORE,** Plaintiff's Motion for Reconsideration (Dkt. 30) is **DENIED.**

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of June, 2020.

ROBERT J. BRYAN
United States District Judge